10-5094-ag
Diallo v. Holder

BIA
A099 587 680

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24ᵗʰ day of April, two thousand twelve.

PRESENT:
    JOSÉ A. CABRANES,
    RICHARD C. WESLEY,
    SUSAN L. CARNEY,
        *Circuit Judges.*
_____

ALPHA AMADOU DIALLO,
        *Petitioner,*

        v.                                    10-5094-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Thomas V. Massucci, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Anna Nelson, Trial Attorney; Brad Hopkins, Law Clerk, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Alpha Amadou Diallo, a native and citizen of Guinea, seeks review of a November 19, 2010, order of the BIA denying his motion to reopen his removal proceedings. *In re Alpha Amadou Diallo*, No. A099 587 680 (B.I.A. Nov. 19, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Although Diallo's 2010 motion to reopen was untimely filed, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), the BIA appears to have assumed that Diallo met an exception to the time limitation by showing changed country conditions, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii), and instead denied the motion based on Diallo's failure to demonstrate his prima facie eligibility for relief. We find no abuse of discretion in the BIA's decision.

To establish prima facie eligibility for asylum, a movant must demonstrate "a realistic chance that he will be

2

able to establish eligibility" during reopened proceedings. *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (internal quotation marks omitted). A failure to establish prima facie eligibility is reasonable grounds for the BIA to deny reopening. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). While Diallo contends that conditions in Guinea have worsened, his underlying asylum claim — that the government seeks to persecute him on the basis of his prior political activism as a student — is the same claim that the agency previously found not credible. In light of the agency's prior adverse credibility determination, the BIA reasonably accorded the letter from Diallo's cousin limited evidentiary weight. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007). Because Diallo submitted no other objective evidence to support his claim that the Guinean government continued to seek him out because of his political activities or to show that his family was harmed because Guinean officials were targeting him, the BIA did not abuse its discretion in finding that he failed to demonstrate his prima facie eligibility for asylum. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008).

3

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4